**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bernardo DELEON–TORRES, Defendant–Appellant.**

**No. 11–50302.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

Randy K. Jones, Esquire, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Candis Mitchell, Trial, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Bernardo Deleon–Torres appeals from the 72–month sentence imposed following his bench-trial conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Deleon–Torres contends that the district court erred in calculating the applicable Guidelines range in that it improperly denied a downward departure for cultural assimilation. This argument fails because "it is the pre-departure Guidelines sentencing range that the district court must correctly calculate." *United States v. Evans–Martinez,* 611 F.3d 635, 643 (9th Cir. 2010). In any event, in light of Deleon–Torres's criminal history, the court did not err in denying the departure. *See* U.S.S.G. § 2L1.2 cmt. n. 8.

Deleon–Torres also contends that his sentence is substantively unreasonable in light of his cultural assimilation. The below-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Finally, Deleon–Torres concedes that his contentions that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be limited to its facts, that *Almendarez–Torres* has been overruled; and that 8 U.S.C. § 1326(b) is unconstitutional, are foreclosed by Ninth Circuit precedent. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 n. 3 (9th Cir.2007).

**AFFIRMED.**